UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

DIVERSIFIED CONSTRUCTION OF WNY, INC.,         04-CV-0739E(Sc)

             Plaintiff,

    -vs-                                             MEMORANDUM

SHEDS USA, INC. and                                     AND
HOME DEPOT U.S.A., INC.,

             Defendants.                            ORDER[1]

———————————————————————

Plaintiff ("Diversified") filed this action in state court on August 24, 2004 asserting claims for breach of contract and fraud with a request for punitive damages.  Defendants, Sheds USA, Inc. ("Sheds") and Home Depot U.S.A., Inc. ("Home Depot"), removed this action on September 13, 2004.  Diversified claims that it entered into an agreement with Defendants whereby it was promised, *inter alia,* a certain number of installation contracts per week based on Home Depot's sales of Sheds's products.  On February 17, 2005, Defendants jointly filed a motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCvP").  This motion was argued and submitted on April 9, 2005.  For the reasons set forth below, Defendants' motion to dismiss will be granted in part.

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."[2]  When ruling on a motion to dismiss made pursuant to FRCvP 12(c), this Court "must accept all allegations in the

———————————————————————

[1] This decision may be cited in whole or in any part.

[2] *Patel* v. *Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

complaint as true and draw all inferences in the non-moving party's favor."[3]  Consequently,

a complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief."[4]  This Court must not

consider whether the claim will ultimately be successful, but merely "assess the legal feasibility

of the complaint, not to assay the weight of the evidence which might be offered in support

thereof."[5]  Diversified submitted an affidavit and various exhibits in opposition to the

Defendants' motion.  With the exception of the "Installer Agreement" that is incorporated by

reference in the Complaint, the remaining materials will not be considered at this stage because

they are not incorporated by reference in the Complaint.[6]

Home Depot sells various home-improvement items including sheds.  Home Depot

contracted with Sheds to sell its sheds.  Sheds contracted with Diversified to install its sheds sold

through Home Depot.  Diversified now asserts various claims stemming from the

representations allegedly made to it by Sheds and Home Depot.

Home Depot argues that Diversified's breach of contract claim against it must be

dismissed because the Complaint failed to allege a contract between Diversified and Home

Depot.  Although Diversified noted in its brief that certain documents were attached to the

---

[3]*Patel*, *supra* note 2, at 126.

[4]*Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957).

[5]*Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (citations omitted).

[6]Although Diversified argues that certain documents are "implicit" in its allegations, this Court will only address documents that are explicitly incorporated by reference.

Complaint, the Complaint submitted with Defendants' Notice of Removal contains no attached exhibits. Consequently, this Court will only consider documents incorporated by reference in the Complaint.[7] Although a plaintiff need not attach a copy of a contract, "a complaint in a breach of contract action must set forth the terms of the agreement upon which liability is predicated."[8] The Complaint, however, fails to allege the existence of a contract between Home Depot and Diversified.[9] Diversified argued in opposition to Defendants' Motion that: (1) Sheds was Home Depot's agent (and that Home Depot was thus bound by the Sheds-Diversified contract); (2) it was a third-party beneficiary of the Sheds-Home Depot contract; and (3) it was a subcontractor entitled to enforce the general contract between Sheds and Home Depot. For the reasons set forth in Defendants' Reply Memorandum of Law at pages 2-8, however, this Court rejects Diversified's arguments. These issues were neither alleged in the Complaint nor raised in Defendants' Motion to Dismiss and they will not be addressed at this time. Accordingly, Diversified's breach of contract claim against Home Depot will be dismissed without prejudice.

---

[7]*See, e.g., Cooper*, *supra* note 5, at 440.

[8]*Window Headquarters, Inc.* v. *MAI Basic Four, Inc.*, 1993 WL 312899, at *3 (S.D.N.Y. 1993).

[9]*See, e.g., County of Suffolk* v. *Long Isl. Lighting Co.*, 728 F.2d 52, 63 (2d Cir. 1984) (noting that "absent a contractual relationship there can be no contractual remedy"); *Window Headquarters*, *supra* note 8, at *3 (holding that complaint failed to adequately plead a breach of contract despite the fact that it alleged that defendants "agreed to advance funds . . . to facilitate plaintiff's purchase and/or lease of the system"); *Yucyco, Ltd.* v. *Republic of Slovenia*, 984 F. Supp. 209, 215-216 (S.D.N.Y. 1997) (dismissing breach of contract claim because "a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract). Diversified, however, failed to allege that Home Depot was in privity with Sheds or that it assumed an obligation to perform the Sheds-Diversified contract.

Diversified's fraud claims against Defendants will be dismissed for failure to plead them with the requisite particularity required by FRCvP 9(b),[10] which provides in relevant part:

> "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Indeed, the Complaint failed to allege, *inter alia,* the identity of the person who made the alleged statements and the Complaint improperly employed "group pleading" by attributing the alleged statements to the "defendants" without indicating whom at Home Depot and/or Sheds made the alleged statements.[11]  Moreover, the Complaint failed to allege where or when

---

[10]Diversified erroneously argued that section 3016(b) of New York's Civil Practice Law and Rules was applicable because this case was filed in state court.  State procedural rules, however, are not applicable in federal court.  *See, e.g., Tedesco* v. *Norfolk S. Corp.*, 2002 WL 1628874, at *2 n.5 (W.D.N.Y. 2002).

[11]*Mills* v. *Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (noting that FRCvP 9(b) requires a plaintiff to plead fraud with particularity and that a complaint must therefore "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent" and holding that "[FRCvP] 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'") (following *Cosmas* v. *Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)); *Luce* v. *Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (holding that FRCvP 9(b)'s particularity requirement was not satisfied where the complaint merely attributed the alleged statements to "defendants"); *Jerome M. Sobel & Co.* v. *Fleck*, 2003 WL 22839799, at *2 (S.D.N.Y. 2003) (applying *Cosmas*); *Naparano Iron & Metal Co.* v. *Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 2000) (citing *Mills* and holding that a complaint "containing collectivized allegations against 'defendants' do not suffice [to satisfy FRCvP 9(b)]"); *Fonseca* v. *Columbia Gas Sys., Inc.*, 37 F. Supp. 2d 214, 230 (W.D.N.Y. 1998) (applying *Cosmas* and dismissing complaint under FRCvP 9(b) because it failed to "set forth any specific information upon which a reasonable inference may be drawn that anyone at Columbia Gas induced plaintiff to settle his claims"); *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund* v. *De-con Mech. Contractors*, 896 F. Supp. 342, 347 (S.D.N.Y. 1995) (citing *Luce* and holding that FRCvP 9(b) requires a complaint to "connect the allegations of fraud to *each individual defendant* . . . [and that a complaint] may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding the alleged fraud") (emphasis added).  Moreover, the same standard applied to FRCvP 12(b)(6) motions is applied to motions to dismiss made pursuant to FRCvP 9(b).  *Mills*, *supra* at 1174.

the alleged statements were made.[12]  Accordingly, Diversified's fraud claims will be dismissed without prejudice.

Defendants argue that Diversified's third claim is one for "punitive damages" and that there is no such cause of action. Construed most favorably to Diversified, however, the Complaint's third claim alleges a pattern of fraudulent inducement involving sub-contractors other than Diversified.  Nonetheless, the third claim is a subsidiary of the second claim and will thus also be dismissed without prejudice for failure to plead fraud with the particularity required by FRCvP 9(b).  Inasmuch as Diversified's fraud claims will be dismissed without prejudice, Diversified's request for punitive damages will also be dismissed.  Consequently, this Court need not address Defendants' arguments concerning the propriety of Diversified's request for punitive damages.

Accordingly, it is hereby **ORDERED** that Defendants' motion to dismiss is granted in part, that Plaintiff's breach of contract claim against Home Depot is dismissed without prejudice and that Plaintiff's fraud claims (the second and third causes of action) and consequent requests for punitive damages are dismissed without prejudice.

DATED:      Buffalo, N.Y.

            May 25, 2005

---

[12]*See* note 11, *supra.*  Moreover, Diversified conceded in its brief that "Plaintiff did not meet personally with any Home Depot employees, [but that] Plaintiff did meet with Home Depot's Master Installer Contractor agent, i.e., Defendant Sheds."  Pl.'s Mem. of Law, at 3.  Consequently, it is unclear how Diversified could allege fraud by Home Depot.

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.